UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO V. BAYNES,

        Petitioner,

                                            File No.  1:03-CV-835

v.

                                            HON. ROBERT HOLMES BELL

KURT JONES,

        Respondent.

_____/

## OPINION

This matter is before the Court on Petitioner Mario V. Baynes' objections to the Magistrate Judge's April 6, 2006 Report and Recommendation ("R&R") recommending that the habeas corpus petition be denied.  This Court is required to make a *de novo* review upon the record of those portions of the Magistrate Judge's R&R to which objection has been made.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  *See also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  In his original habeas corpus petition, Petitioner raised two grounds for relief: 1) a denial of due process because inconsistent verdicts demonstrate insufficient evidence to support his felony murder conviction and 2) that the jury instruction on felony murder was confusing and incorrect and therefore a denial of due process.  The Magistrate Judge recommended that both grounds for habeas relief be denied.  On the first ground for relief, the Magistrate Judge determined that the state court decision, rejecting Petitioner's sufficiency of the evidence claim, was not clearly contrary to or an unreasonable application

of Supreme Court precedent. On the second ground for relief the Magistrate Judge determined that Petitioner procedurally defaulted his claim and failed to allege cause or prejudice for the default. Petitioner objects to both grounds for denial in the R&R. This Court agrees with the Magistrate Judge's analysis. Petitioner's objections fail to provide a basis to alter the recommendation of the R&R. For the reasons stated below, the Court overrules the objections, and approves and adopts the R&R as the opinion of the Court.

Although the Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set out in the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, an application for a writ of habeas corpus by a person who is in custody pursuant to a state conviction cannot be granted with respect to any claim that was fully adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

First, Petitioner objects to the Magistrate Judge's recommendation that his sufficiency of the evidence claim be denied. Petitioner contends that the jury could not have been convinced beyond a reasonable doubt of the charge of felony murder because the same jury acquitted him of the felony firearms and felony home invasion charges. His objection

misunderstands the law on inconsistent verdicts. As the Magistrate Judge cogently demonstrated, inconsistency of the jury's verdict on other charges does not undermine the finding of sufficient evidence for the conviction of first-degree felony murder. R&R at 28. The Supreme Court has clearly held, "that 'a criminal defendant convicted by a jury on one count [may] not attack that conviction because it [i]s inconsistent with the jury's verdict of acquittal on another count.'" R&R at 29 (quoting *United States v. Powell*, 469 U.S. 57, 58 (1984) (alteration in original)). Further, the Magistrate Judge aptly points out that "inconsistency in a verdict is not a sufficient basis for habeas corpus relief." R&R at 29. *See also Harris v. Rivera*, 454 U.S. 339, 345 (1981). Petitioner's misguided use of case law does not persuade the Court to disagree with the Magistrate Judge. Petitioner cites *People v. Wilder*, 308 N.W.2d 112, 118 (Mich. 1981), in support of this contention. Since this is not a case from the Supreme Court of the United States, it has no bearing on Petitioner's habeas corpus petition. *See* 28 U.S.C. § 2254(d)(1). Further, *Wilder* dealt exclusively with double jeopardy, not whether inconsistent verdicts undermined the sufficiency of the evidence on a conviction. *Wilder*, 308 N.W.2d at 118. Petitioner has not offered any additional evidence or colorable argument that would alter the Magistrate Judge's recommendation denying the sufficiency of the evidence claim.

Accordingly, the Court finds that Petitioner's first objection to the R&R has no merit. His due process rights have not been violated by the jury's verdict. The Magistrate Judge's recommendation regarding the first ground for relief is adopted as the opinion of the Court.

Petitioner also alleges another due process violation based on the allegedly confusing and incorrect felony murder jury instruction. The Magistrate Judge recommended procedural default and held that Petitioner failed to show cause for the default. The Magistrate Judge also recommended that, even if the default was excused, the felony murder instruction was proper, and accordingly did not result in a denial of due process to the Petitioner. R&R at 34-35. The Court agrees. The procedural default bars review by the Court. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 485 (1986). In order to overcome this bar to review, the Magistrate Judge rightly explained that Petitioner must show *cause and prejudice or innocence*. *Id.* at 485, 496 (emphasis added). In his objection to the R&R, for the first time, Petitioner asserts as cause for procedural default that trial counsel was ineffective in his failure to object to the felony murder jury instruction. To serve as cause to excuse the default, a claim of ineffective assistance of counsel must be properly exhausted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001). Petitioner did not raise ineffective assistance of counsel at any point in state court nor did he raise it in his original habeas corpus petition. *See* 8/27/02 Mich. Ct. App. Opinion, Docket #27*;* Habeas Corpus Petition, Docket #1. Since Petitioner did not raise ineffective assistance of counsel in state court, this claim is unexhausted.

Although Petitioner's claim is unexhausted, the Court can dispose of it on the merits. *See* 28 U.S.C. § 2254(b)(2) ("an application for a writ of habeas corpus may be denied on the

4

merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2004) (holding that the court could deny relief based on the merits, notwithstanding an unexhausted claim). The standard set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs Petitioner's ineffective assistance of counsel claim and requires that the defendant first "show that counsel's performance was deficient . . ." to such a degree that the counsel ". . . was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) (quoting *Strickland* at 689). "Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.

Failure to object to the felony murder jury instruction does not reach the level of deficient performance to satisfy the first prong of the *Strickland* test. While a failure to object to constitutionally deficient jury instructions may constitute ineffective assistance of counsel, *see Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999), such a case is not presented here. The Magistrate Judge recognized that the jury instructions were correct and accurate as given by the trial court. The Court has reviewed the instruction and agrees with the Magistrate Judge. Because the instruction was proper, Petitioner's claim must fail.

5

*Thompson v. Konteh*, 2006 WL 637195, *3 (6th Cir. March 14, 2006) (holding that if jury instructions were proper, an ineffective assistance of counsel claim must fail); *U.S. v. Frampton*, 382 F.3d 213, 222 n. 8 (2d Cir. 2004) (same). Hence, any objection to the jury instructions would have been frivolous and, therefore, failure to object is not deficient. *See Ludwig v. United* States, 162 F.3d 456, 459 (6th Cir. 1998) ("Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel."). Petitioner has not offered any other evidence indicating trial counsel's deficient performance and fails to overcome the strong presumption that counsel's performance fell within the wide range of reasonable professional assistance. *Moss*, 286 F.3d at 859. Further, because the instruction was not improper, Petitioner cannot show that he was deprived of a fair trial, and consequently, cannot satisfy the prejudice prong of the *Strickland* standard. Thus, Petitioner fails to satisfy either prong of the test, and the ineffective assistance claim fails on the merits. As such, it does not support cause for the purposes of procedural default.

This Court's finding that Petitioner fails to show cause for his procedural default makes an examination of prejudice irrelevant. *See Massaro v. U.S.*, 538 U.S. 500, 503 (2003) (holding that procedural default can be overcome by a showing of cause and prejudice); *see Murray*, 477 U.S. at 485. Petitioner, however, argues that prejudice resulted because of the felony murder jury instruction. As discussed above, the jury instructions were proper, so the instructions did not prejudice the defense.

Petitioner now also asserts he is actually innocent of the offense. To meet the standard for innocence, "petitioner must show its more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Petitioner does not present any evidence to support this allegation and fails to refute the Magistrate Judge's recommendation that a rational trier of fact could find that the evidence was sufficient to meet all the elements of felony murder. Since Petitioner has not demonstrated cause, prejudice, or his innocence, he has failed to overcome the procedural bar to review of the jury instructions. Accordingly, the Magistrate Judge's recommendation on the second ground for relief is adopted as the opinion of this court.

The Court has reviewed the Magistrate Judge's R&R and concludes that the Magistrate Judge properly analyzed each of Petitioner's claims. Accordingly, Petitioner's objections are overruled and the Magistrate Judge's Report and Recommendation is approved and adopted as the opinion of the Court. An order consistent with this opinion will be entered.

Date:     June 6, 2006            /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE